## TRADE MARKS ARE INSEPARABLE FROM GOOD WILL.

### Common Pleas Court of Franklin County.

### WM. J. McDONALD v. FREDERICK PITZ ET AL.[*]

#### Decided, January 22, 1924.

*Trade Marks—Cannot be Conveyed in Gross—Are a Part of the Good Will—Purchase of the Good Will Includes the Trade Mark.*

A trade mark constitutes an increment of the good will of a business, and where the good will is sold by a trustee in bankruptcy the trade mark goes with it. A subsequent sale of the trade mark to a different purchaser conveys no title, and its registration by him does not afford ground for an injunction against its use by the purchaser of the good will.

*Horace S. Kerr,* for plaintiff.

*Edwin P. Corbett* and *John J. Mahoney,* for defendants.

SOWERS, J.

This case is before the court upon the application of the plaintiff for a restraining order to prevent the defendants from using a certain trade mark known as "Krumms Best," which is

---

[*] Not reviewed.

being used by both the plaintiff and the defendants. It was in use for many years by the Krumm Milling Company, on one of its brands of flour, and this use by the company continued until it became financially embarassed, when its property passed, first, into the hands of a receiver, and then later into the hands of a trustee in bankruptcy for liquidation.

On the 4th day of October, 1922, under an order issued by the referee in bankruptcy, the trustee sold the good will, the corporate name and the records of the Krumm Milling Company to the defendants. Prior to that date the plaintiff began the use of the trade mark, "Krumms Best," upon a brand of flour distributed by him, and upon April 24, 1923, this trade mark was registered by him with the Commissioner of Patents, at Washington, D. C. The sacks used by both the plaintiff and the defendants, upon which the trade mark appears, are similar in design and appearance. This, in brief, is the substance of the pleadings and the evidence in the case. The case has been argued ably and earnestly by counsel for both parties.

The authorities which counsel for plaintiff have cited, apply with equal force to those principles of law which pertain to patents as well as to these under consideration here. There is a clear and well defined distinction between a trade mark and a patent. The former is a symbol or emblem which a tradesman or manufacturer attaches to the goods he manufactures or are manufactured for him, for the purpose of identification upon the market; which symbol or emblem indicates the origin or ownership of the goods to which it may be attached. Its value arises from its usage and the favor of the public for an indefinite length of time; whereas a patent is a grant by the government whereby it secures to inventors for a certain time, the exclusive right to their own inventions. Trade marks become valuable by the extent and the time of their usage, and as they become valuable by such usage they become a part of the good will of a business. Nothing is added to the intrinsic value of a trade mark by its registration, but this is the sole protection of a patentee to his invention.

The trade mark in question became valuable because of its

identification with the products of the company, and whatever the value of its good will was, this trade mark was an increment of that value and was manifestly a part of, and entered into such good will of the company. The good will of the company was included in the sale to the defendants by the trustee in bankruptcy, and the trade mark was included in the sale of the good will of the company. When the trustee attempted to or did sell such trade mark of the company separately from its good will there was nothing for him to sell, and therefore, conveyed no right to this plaintiff in such trade mark. A trade mark is analogous to the good will of a business and where the good will of such business is assigned or sold, the trade mark, as a matter of law, goes with the good will, *Bulte* v. *Ingleheart Bros. et al,* 137 Fed. Reporter, 492; *Independent Baking Powder Company* v. *Boorman,* 175 Fed. p. 451. The courts say, "The law is well settled that a trade mark can not be transferred by itself. The good will and business must pass with it or the transfer is invalid."

It is contended by counsel for plaintiff that the good will of a plant ends when the operation of its business ceases—in the instant case when it passed into liquidation, by whatever form its legal course may be. This rule is not supported by the courts, nor is it sound in reason. A trade mark and good will are similar and analogous. They indicate the favor which the community helds for a certain commodity. A man or company may lose his or its credit, pass into liquidation, but there may be and frequently are, just as many people ready and desirous to buy their products after the failure as before. This is the good will of the business and not infrequently its greatest asset, and it does not cease nor become *nihil* at liquidation.

Counsel for plaintiff relies upon the case, *In re Jaysee Corset Company,* 201 Fed., p. 779. The court therein states the rule as follows: "The trustee sold the goods and chattels of the bankrupt, but made no attempt to sell the good will of the bankrupt's business, nor the trade mark; nor did he sell the business as a going concern. The effect of these proceedings

by the trustee was to kill the good will and destroy the trade mark; for it is admitted that this particular kind of trade mark can not pass, except in conjunction with the good will of the business."

No authority is cited and the court has found none which holds that the value of a trade mark terminates at the inception of liquidation. The rule is, "A trade mark can not be conveyed in gross by an independent transfer, without also conveying the business to which the trade mark attaches; and an attempted assignment of a trade mark is void."

*Crossman et al* v. *Griggs et al,* 186 Mass. 275; *Chadwick* v. *Covell,* 6th L. R. A., 839; *Jennings* v. *Johnson,* 37th Fed. 364; *Fair* v. *Morales & Company.* 82nd Ill. Appellate 499; *Witthaus* v. *Braun,* 44th Maryland 303; *Iowa Seed Company* v. *Dorr et al,* 70th Iowa, 481; *Hoxie* v. *Chaney,* 143d Mass., 592; *Bank of Tomah* v. *Warren,* 94th Wis. 151. See also the opinion of Judge Smith in *Burkhardt* v. *Burkhardt.* 4th O. N. P. 358.

If suspension of business does not operate as an abandonment of good will or trade mark, then the plaintiff in this case appropriated the trade mark, "Krumms Best," without legal authority and could acquire no right to it by purchase from the trustee in bankruptcy, because the trustee had previously sold the good will with the business to the defendants.

Injunction denied.